Filed 3/5/25  P. v. West CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD LEE WEST,<br><br>    Defendant and Appellant. | C100456<br><br>(Super. Ct. No. 22FE009242) |

Defendant Clifford Lee West pleaded no contest to one count of failing to register as a sex offender.  The trial court sentenced him to 32 months in state prison.  Defendant appeals, arguing the trial court erred in denying his petition for mental health diversion under Penal Code section 1001.36.  (Statutory section citations that follow are to the Penal Code unless otherwise stated.)  We conclude substantial evidence supports the trial court's finding that defendant was ineligible for mental health diversion.  We affirm the judgment.

1

### A.    <u>Current Charges</u>

In 1997, defendant was convicted of the continuous sexual abuse of a child (§ 288.5). As a result, he is required to register as a sex offender annually and every 30 days while he is a transient pursuant to section 290.012. In April 2022, law enforcement opened a compliance investigation into defendant after discovering he had not registered since January 29, 2021, despite being transient during that period.

On October 14, 2022, law enforcement saw a person riding his bicycle after dark, without a front light. They stopped the cyclist, identified him as defendant, and learned there was a warrant for his arrest for failing to register as a sex offender. Law enforcement searched defendant and found .28 grams of methamphetamine on his person.

The People later charged defendant with two counts of failing to register as a sex offender (§ 290.018, subd. (b)) and one count of unlawfully possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

### B.    <u>Petition for Mental Health Diversion</u>

In November 2023, defendant filed a motion for mental health diversion pursuant to section 1001.36. In support of the motion, defendant outlined his mental health history, which includes diagnoses for major depressive disorder with psychotic features, post-traumatic stress disorder (PTSD), and amphetamine use disorder. As a young man, defendant was hospitalized three times after attempting suicide. The last hospitalization was in 2013, when defendant was 20 years old.

After he was arrested for the current offenses, defendant was evaluated by Jeannette Wilson, a clinician with the Department of Behavioral Health. In her assessment, Wilson opined that defendant was "probably experiencing mental health symptoms at the time of his arrest." When defendant is not taking medication for his mental health, he experiences auditory hallucinations, paranoia, anxiety, and depression.

Defendant argued the symptoms of his mental health disorders, combined with his homelessness, left him in "survival mode" and "unable to help himself." As a result, he claimed, he was unable to remember or "prioritiz[e]" registering as a sex offender. Defendant consented to treatment and believed his mental health disorders would respond to treatment.

The People opposed defendant's motion. First, they argued there was no nexus between defendant's mental health issues and his failure to register as a sex offender. According to the arresting officer's body camera, defendant knew there was probably a warrant out for his arrest for a "probation violation." He blamed that violation on a recent hospitalization after being hit by a car. He also told the arresting officer that he was out on his bicycle that night looking for his girlfriend. This, the People argued, "clearly demonstrates that defendant[']s personal reasons for not registering as a sex offender were physical rather than mental health issues."

The People also argued defendant was not a suitable candidate for mental health diversion because when he failed to register in 2007, defendant was employed, he denied using drugs, and he denied any mental health issues. At the time, he said he "got 'caught up with daily living' and forgot to register." The People thus argued, defendant does not comply with registration requirements even when sober, housed, and employed; so, there is no nexus between his failure to register and his mental health issues. In addition, Wilson's assessment notes indicate defendant was likely to relapse without structure and he has a poor history of follow-through. The People outlined defendant's poor history of follow-through in their argument.

In April 2019, defendant pleaded no contest to failing to register. Two months later he was, again, out of compliance with his registration requirement and, again arrested. When he was released from custody, however, defendant failed to appear at his next hearing and a warrant was issued for his arrest.

3

On January 22, 2020, a violation of probation was filed, and defendant failed to appear at his arraignment. He was arrested days later. Defendant admitted violating his probation and was released with directions to report to probation within 48 hours. He failed to contact probation.

In September 2020, defendant again failed to appear for arraignment on a violation of probation and another bench warrant was issued. Defendant was arrested on that warrant in January 2021. Defendant admitted to violating his probation and was released with directions to report to probation within 48 hours, which he again failed to do.

On March 10, 2021, defendant failed to appear in court and another bench warrant was issued. Defendant was arrested on that warrant on September 1, 2021, and released pending trial. Defendant then failed to appear at the next court appearance and the trial court issued another bench warrant.

Defendant was arrested again on November 15, 2021. He admitted to violating his probation and was released with orders to contact probation, which he failed to do.

Finally, defendant registered as a sex offender on January 29, 2021, and was soon out of compliance. After he was arrested on October 14, 2022, he was released pending trial and again failed to appear in court on December 14, 2022. He was ultimately arrested and remained in custody on the current charges.

C.    Hearing and Plea

The trial court heard defendant's motion for mental health diversion on January 16, 2024. Defendant argued his PTSD was the result of being struck by a drunk driver in 2022. This, he argued, combined with his ongoing depression, put in him a "state of inaction," which resulted in his failure to register.

In opposition, the People pointed out that defendant had not registered since January 2021, more than a year before he was hit by a car in October 2022. Thus, his PTSD could not have played a role. Moreover, defendant was riding a bicycle in the dark

without a light and such conduct belied defendant's concern that he would again be hit by a car. The People also argued defendant's long history of failing to comply with either probation or his registration requirements rendered him unsuitable for diversion.

The court ruled as follows: "Ultimately, I am denying the request for mental health diversion. I do find that your client is not suitable. As the main reason – mainly based on his behavior in the last four years: His failures to appear, his re-arrests, his violations of probation. Given those circumstances I find that he is unsuitable for mental health diversion at this time.

"And, also, we do start with nexus as a presumption. I think the facts of this particular case in regards to how he was contacted by the police, he was out in public, riding a bike without a light. Kind of goes against the idea that he was scared to be around people and why he didn't register for this case for quite some period of time. So[,] I believe the presumption is overcome by clear and convincing evidence.

"I do not find that he is likely to commit a super strike."

On January 30, 2024, defendant pleaded no contest to failing to register as a sex offender and admitted the enhancement allegations. In exchange for his plea, the People agreed to dismiss the remaining charges and allegations. The trial court sentenced defendant to the low term of 32 months in state prison. Defendant appeals from the judgment with a certificate of probable cause.

## DISCUSSION

Defendant argues the trial court abused its discretion by finding him both ineligible and unsuitable for diversion. We conclude substantial evidence supports the trial court's finding that defendant was not eligible for diversion because the People offered clear and convincing evidence that defendant's mental disorders were not a significant factor in the commission of his crime.

5

"[S]ection 1001.36, subdivision (b) provides that a defendant is eligible for pretrial diversion if two criteria are met.  First, the defendant has been diagnosed with a mental disorder, such as the one with which defendant was diagnosed, within the last five years by a qualified mental health expert.  [Citation.]  Second, the 'defendant's mental disorder was a significant factor in the commission of the charged offense.'  [Citation.]  'If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense.' " (*People v. Graham* (2024) 102 Cal.App.5th 787, 795.)

We review a trial court's ruling on a petition for pretrial mental health diversion for abuse of discretion.  (*People v. Graham*, *supra*, 102 Cal.App.5th at p. 795.)  "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied finding that are not supported by substantial evidence." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

"The standard of proof known as clear and convincing evidence demands a degree of certainty greater than that involved with the preponderance standard, but less than what is required by the standard of proof beyond a reasonable doubt.  This intermediate standard 'requires a finding of high probability.' " (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 998.)  "When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true.  In conducting its review, the court must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of

6

witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id*. at pp. 1011-1012.)

There is no dispute that defendant had a qualifying mental disorder. The trial court found defendant ineligible for mental health diversion because clear and convincing evidence established there was no nexus between defendant's mental health disorder and his failure to register as a sex offender. We conclude substantial evidence supports that finding.

This was not defendant's first time failing to register as a sex offender. He failed to register in 2007 when, by his own account, he was not using drugs, he was not suffering from any mental health disorder, he was gainfully employed, and he was housed. He simply forgot to register. And, despite his claim that the PTSD resulting from the car accident, combined with his ongoing depression, were the reasons he failed to register this time, the car accident occurred several months after he was in violation of his registration requirement. Moreover, as noted by the trial court, defendant's claimed PTSD symptoms were the result of being hit by a car while riding his bicycle. He was, however, riding his bicycle, in the dark, and without a front light when he was found by the police. Such conduct suggests he was, in fact, not so afraid he would be hit by a car that he could not comply with his registration requirements.

We thus conclude substantial evidence supports the trial court's finding that defendant was not eligible for mental health diversion.

DISPOSITION

The judgment is affirmed.

                                                         _____

                                                         HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

KRAUSE, J.